**JOSEPH D. BUSSONE, Esq.** (SBN 108168)
**LAW OFFICE OF JOSEPH D. BUSSONE**
1716 Cardiff Drive, P.O. Box 1207
Cambria, California 93428-1207
Telephone: (805) 203-5222
FAX: (805) 203-5223
E-mail: jdb@bussonelaw.com

Attorney for debtor and defendant
**PATRICK JAMES DENNIS**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA — NORTHERN DIVISION

| | |
|---|---|
| In re Patrick James Dennis,<br><br>　　　　Debtor.<br>_____<br>Randall D. Fox and Atlanta Foundation for Public Spaces, LLC,<br><br>　　　　Plaintiffs,<br><br>　　-vs.-<br><br>Patrick James Dennis,<br><br>　　　　Defendant.<br>_____ | Case No. 9:17-bk-11830-DS<br><br>Chapter 7<br><br><br>Adv. No. 9:18-ap-01001-DS<br><br>**ANSWER TO COMPLAINT, AND COUNTERCLAIM, BY DEFENDANT PATRICK JAMES DENNIS** |

## **ANSWER**

COMES NOW defendant **PATRICK JAMES DENNIS**, an individual, for himself alone and no others, who hereby answers the Complaint of RANDALL D. FOX (hereafter "Fox") and ATLANTA FOUNDATION FOR PUBLIC SPACES, LLC (hereafter "AFFPS") on file herein, and said defendant hereby affirms, denies, and alleges, as follows:

1. Defendant DENIES the allegations of Paragraph 1.

2. Defendant DENIES the allegations of Paragraph 2.

### **JURISDICTION AND VENUE**

3. Defendant ADMITS the allegations of Paragraph 3.

4. Defendant ADMITS the allegations of Paragraph 4.

5. Defendant ADMITS the allegations of Paragraph 5.

6. Defendant ADMITS the allegations of Paragraph 6.

**PARTIES**

7. Defendant ADMITS the allegations of Paragraph 7.

8. Defendant ADMITS the allegations of Paragraph 8.

9. Defendant ADMITS the allegations of Paragraph 9.

10. Defendant ADMITS meeting plaintiff Fox in approximately 2001 in Tampa, Florida, but defendant DENIES the remaining allegations of Paragraph 10.

11. Defendant ADMITS the allegations of Paragraph 11.

12. Defendant ADMITS the allegations of Paragraph 12.

13. Defendant ADMITS the allegations of Paragraph 13.

14. Defendant DENIES the allegations of Paragraph 14.

15. Defendant DENIES the allegations of Paragraph 15.

16. Defendant DENIES the allegations of Paragraph 16.

17. Defendant DENIES the allegations of Paragraph 17.

18. Defendant DENIES the allegations of Paragraph 18.

19. Defendant DENIES the allegations of Paragraph 19.

20. Defendant DENIES the allegations of Paragraph 20.

21. Defendant DENIES the allegations of Paragraph 21.

22. Defendant DENIES the allegations of Paragraph 22.

23. Defendant ADMITS that a true and correct copy of the summary judgment order is attached to the Complaint as Exhibit A, but defendant DENIES the remaining allegations of Paragraph 23.

24. Defendant ADMITS that he purchased his home in Atlanta, Georgia known as the "Lake Forrest House" on or about April 5, 2004, but defendant DENIES the remaining allegations of Paragraph 24.

25. Defendant ADMITS that he put his Lake Forrest House up for sale in November 2014, but defendant DENIES the remaining allegations of Paragraph 25.

**ANSWER TO COMPLAINT, AND COUNTERCLAIM, BY DEFENDANT PATRICK JAMES DENNIS**

26. Defendant ADMITS that he sold his Lake Forrest House for $572,500.00 on or about February 27, 2015, and that he received $223,263.60 in cash after closing costs, and that he turned over $70,327.94 to Fox on or about April 21, 2015, leaving defendant with approximately $152,943.66 from the sale of his Lake Forrest House, but defendant DENIES the remaining allegations of Paragraph 26.

27. Defendant DENIES the allegations of Paragraph 27.

28. Defendant ADMITS that the two (2) Tag Heuer watches are worthless fakes and that he so testified at his 341 meeting, but defendant DENIES the remaining allegations of Paragraph 28.

**FIRST CLAIM FOR RELIEF**

(Nondischargeability of Debt Under 11 U.S.C. § 523(a)(2)(A) — Actual Fraud and Misrepresentation)

29. Defendant hereby repeats and incorporates by reference his responses to Paragraphs 1 through 28 hereof as if all of same were set forth in full at this point herein.

30. Defendant ADMITS the allegations of Paragraph 30.

31. Defendant ADMITS the allegations of Paragraph 31.

32. Defendant DENIES the allegations of Paragraph 32.

33. Defendant DENIES the allegations of Paragraph 33.

34. Defendant DENIES the allegations of Paragraph 34.

35. Defendant DENIES the allegations of Paragraph 35.

36. Defendant DENIES the allegations of Paragraph 36.

37. Defendant DENIES the allegations of Paragraph 37.

38. Defendant DENIES the allegations of Paragraph 38.

39. Defendant DENIES the allegations of Paragraph 39.

**SECOND CLAIM FOR RELIEF**

(Nondischargeability of Debt Under 11 U.S.C. § 523(a)(6) — Willful and Malicious Injury)

40. Defendant hereby repeats and incorporates by reference his responses to Paragraphs 1 through 39 hereof as if all of same were set forth in full at this point herein.

41. Defendant DENIES the allegations of Paragraph 41.

42. Defendant DENIES the allegations of Paragraph 42.

43. Defendant DENIES the allegations of Paragraph 43.

**ANSWER TO COMPLAINT, AND COUNTERCLAIM, BY DEFENDANT PATRICK JAMES DENNIS**

44. Defendant DENIES the allegations of Paragraph 44.

45. Defendant DENIES the allegations of Paragraph 45.

### THIRD CLAIM FOR RELIEF

(Nondischargeability of Debt Under 11 U.S.C. § 523(a)(4) — Embezzlement)

46. Defendant hereby repeats and incorporates by reference his responses to Paragraphs 1 through 45 hereof as if all of same were set forth in full at this point herein.

47. Defendant DENIES the allegations of Paragraph 47.

48. Defendant DENIES the allegations of Paragraph 48.

49. Defendant DENIES the allegations of Paragraph 49.

### FOURTH CLAIM FOR RELIEF

(Objection to Discharge Under 11 U.S.C. § 727(a)(2)(A) — Concealment of Assets)

50. Defendant hereby repeats and incorporates by reference his responses to Paragraphs 1 through 49 hereof as if all of same were set forth in full at this point herein.

51. Defendant ADMITS the allegations of Paragraph 51.

52. Defendant ADMITS the allegations of Paragraph 52.

53. Defendant DENIES the allegations of Paragraph 53.

### FIFTH CLAIM FOR RELIEF

(Objection to Discharge Under 11 U.S.C. § 727(a)(2)(A) — False Oath)

54. Defendant hereby repeats and incorporates by reference his responses to Paragraphs 1 through 53 hereof as if all of same were set forth in full at this point herein.

55. Defendant ADMITS the allegations of Paragraph 55.

56. Defendant ADMITS the allegations of Paragraph 56.

57. Defendant DENIES the allegations of Paragraph 57.

### SIXTH CLAIM FOR RELIEF

(Objection to Discharge Under 11 U.S.C. § 727(a)(5) — Failure to Adequately Explain Loss of Assets)

58. Defendant hereby repeats and incorporates by reference his responses to Paragraphs 1 through 57 hereof as if all of same were set forth in full at this point herein.

59. Defendant ADMITS the allegations of Paragraph 59.

**ANSWER TO COMPLAINT, AND COUNTERCLAIM, BY DEFENDANT PATRICK JAMES DENNIS**

60. Defendant DENIES the allegations of Paragraph 60.

61. Defendant DENIES the allegations of Paragraph 61.

## **AFFIRMATIVE DEFENSES**

Defendant hereby alleges the following affirmative defenses:

62. The Complaint and the claims alleged therein fail(s) to state a claim upon which relief can be granted.

63. The Complaint and the claims alleged therein is/are barred by the applicable statute(s) of limitations.

64. The Complaint and the claims alleged therein is/are barred by the doctrine of laches.

65. There is no written agreement between defendant and Fox concerning land in any respect whatsoever, and, therefore, any underlying adjudicated claims relating to the sale of land and/or concerning any interest in land are barred and/or unenforceable under the applicable Statute of Frauds.

66. The Complaint and the claims alleged therein is/are barred by the doctrine of waiver.

67. The Complaint and the claims alleged therein is/are barred by the doctrine of estoppel.

68. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

69. Defendant alleges that he was, is, and remains a fifty percent (50%) owner of AFFPS, and that he has suffered, is suffering, and will continue to suffer detriment and damage as a result of the willful, intentional, wrongful, unethical, unlawful, and illegal conduct of plaintiffs in connection with their ongoing and continuing breach of Section 30 AFFPS's operating agreement, inter alia, by failing to render any accounting to defendant whatsoever for any profits, distributions, or income, et cetera (e.g., W-2 Forms and K-1 Schedules for the years 2014, 2015, 2016, 2017, and 2018), despite repeated requests and demands therefor, and that defendant thereby has the right of offset, setoff, and/or recoupment of his resultant monetary damage(s) and loss(es), also including, but not limited to, defendant's payment(s) of plaintiffs' various, multiple unpaid debts since the dissociative event of defendant's withdrawal from AFFPS in July-August 2015 in the approximate amount of $48,280, which payments by defendant remain unreimbursed by plaintiffs, and which offset, setoff, and/or recoupment shall, should, and ought be applied against any cross-demand or amount of money that is adjudicated or adjudged owed, owing, or due either plaintiff in this adversary proceeding, all according to proof.

**ANSWER TO COMPLAINT, AND COUNTERCLAIM, BY DEFENDANT PATRICK JAMES DENNIS**

Furthermore, defendant alleges that when he and Fox parted company in 2015, Fox took and converted various items of personal property belonging to defendant, mostly consisting of artworks and electronics, having a value in excess of $30,000, according to proof, and that defendant thereby has the further right of offset, setoff, and/or recoupment of his resultant monetary damage(s) and loss(es) therefor.

70. There was and is no judgment rendered in favor of plaintiffs and against defendant by the Superior Court of Fulton County Georgia, and the summary judgment order entered on August 18, 2017 by that state court presently is stayed on appeal and is not entitled to any collateral-estoppel effect.

## COUNTERCLAIM FOR DECLARATORY RELIEF

Defendant Patrick James Dennis (hereafter "Dennis") alleges the following counterclaim against the plaintiff(s), Randal D. Fox (hereafter "Fox") and Atlanta Foundation for Public Spaces, LLC (hereafter "AFFPS"):

## JURISDICTION AND VENUE

1. The Court has jurisdiction of this adversary proceeding and counterclaim under 11 U.S.C. §§ 523 and 727, which is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J).

2. Venue of this adversary proceeding and counterclaim in this district is proper under 28 U.S.C. § 1409(a) in that this adversary proceeding and counterclaim is a proceeding arising under title 11 and it is filed in connection with the debtor's above-captioned Chapter 7 case.

## PARTIES

3. Dennis is an individual adult person residing in the County of San Luis Obispo, State of California, and the Chapter 7 debtor in the above-captioned case.

4. Fox is an individual adult person residing in the County of Fulton, State of Georgia.

5. AFFPS is a Georgia limited liability company with its principal place of business in the County of Fulton, State of Georgia.

## DECLARATORY RELIEF AND AN ACCOUNTING

6. Dennis realleges and incorporates herein by reference Paragraphs 1 through 5 of his Counterclaim as if fully stated at this point herein.

7. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, Dennis seeks a determination of the parties' respective rights and obligations with regard to the applicable AFFPS

**ANSWER TO COMPLAINT, AND COUNTERCLAIM, BY DEFENDANT PATRICK JAMES DENNIS**

operating agreement.

8 An actual controversy has arisen and now exists between Dennis, on the one hand, and Fox and AFFPS, on the other hand, concerning their respective rights and duties in that Dennis contends that he was, is, and remains a fifty percent (50%) owner of AFFPS, whereas Fox and AFFPS disputes these contentions and contends that Dennis no longer has any ownership interest in AFFPS.

9. Dennis seeks a judicial determination of the parties' rights and duties, and a declaration as to Dennis's ownership rights in AFFPS pursuant to Section 30 of AFFPS's operating agreement.

10. A judicial declaration is necessary and proper at this time under the circumstances in order that Dennis may ascertain the nature and extent of his remaining ownership rights in AFFPS, including, but not limited to, his rights to an accounting from Fox and AFFPS for any profits, distributions, or income of the company, et cetera (e.g., W-2 Forms and K-1 Schedules for the years 2014, 2015, 2016, 2017, and 2018), to which Dennis has heretofore been refused and denied despite his repeated demands and requests therefor.

11. Dennis has and will continue to sustain detriment and damages in an amount presently unknown by way of half of the profits of AFFPS for the years 2014 through 2018, inclusive, according to proof, as a result of the failure of Fox and AFFPS to provide Dennis with any financial information whatsoever about AFFPS during that aforesaid time frame.

## **PRAYER FOR RELIEF**

WHEREFORE, Dennis prays and respectfully requests that this Court:

1. Deny any and all relief that plaintiffs seek by way of their Complaint, and that said Complaint be dismissed;

2. Issue its declaration and judgment that Dennis is, was, and remains a fifty percent (50%) owner of AFFPS, and is therefore entitled to an accounting of his half share of all profits, income, and distributions of AFFPS for the years 2014 through 2018, inclusive;

3. Award Dennis compensatory damages for all profits, income, and distributions to which he has heretofore been refused and denied, according to proof;

4. Award Dennis reasonable attorney fees as permitted by law;

5. Award Dennis costs of suit incurred herein; and,

**ANSWER TO COMPLAINT, AND COUNTERCLAIM, BY DEFENDANT PATRICK JAMES DENNIS**

6. Award Dennis such other and further relief as may be deemed fair, just, equitable, and proper.

Dated: February 12, 2018.

Respectfully submitted,

/s/ Joseph D. Bussone

**JOSEPH D. BUSSONE, Esq.**
1716 Cardiff Drive, P.O. Box 1207
Cambria, CA 93428-1207
Telephone: (805) 203-5222
FAX: (805) 203-5223
Email: jdbussone@gmail.com

Attorney for debtor and defendant
**PATRICK JAMES DENNIS**

//
//
//

**ANSWER TO COMPLAINT, AND COUNTERCLAIM, BY DEFENDANT PATRICK JAMES DENNIS**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1716 Cardiff Drive, P.O. Box 1207, Cambria, California 93428-1207[.]

A true and correct copy of the foregoing document entitled (*specify*): ANSWER TO COMPLAINT, AND COUNTERCLAIM, BY DEFENDANT PATRICK JAMES DENNIS[.]

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/12/2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Karen L. Grant --- kgrant@silcom.com
- Sandra McBeth (TR) --- jwalker@mcbethlegal.com
- United States Trustee (ND) --- ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 02/12/2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Will Geer
Wiggam & Geer LLC
333 Sandy Springs Circle NE, Suite 225
Atlanta, Georgia 30328-3866

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 02/12/2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Deborah J. Saltzman
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1634
Los Angeles, California 90012-3543

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/12/2018 | JOSEPH D. BUSSONE, Esq. | /s/ Joseph D. Bussone |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**